IN THE UNITED STATES DISTRICT COURT OF
THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ORANGE LAKE COUNTRY CLUB, INC, a Florida corporation, and WILSON RESORT FINANCE, L.L.C., a Florida limited liability company | Case No.: 6:17-cv-1044-ORL-31-DCI |
| Plaintiffs, | |
| vs. | |
| CASTLE LAW GROUP, P.C., a Tennessee professional corporation, JUDSON PHILLIPS, ESQ., an individual, CASTLE MARKETING GROUP, LLC, a Tennessee limited liability company, CASTLE VENTURE GROUP, LLC, a Tennessee limited liability company, RESORT RELIEF, LLC, a Texas limited liability company, WILLIAM MICHAEL KEEVER, an individual, KEVIN HANSON, an individual, and SEAN AUSTIN, an individual, | |
| Defendants. _____/ | |

### DEFENDANTS CASTLE LAW GROUP, P.C. AND JUDSON PHILLIPS' MOTION TO DISMISS

Defendants, Castle Law Group, P.C. ("Castle Law") and Judson Phillips ("Phillips") (collectively the "Defendants"), through their undersigned counsel and pursuant to Fed. R. Civ. P. 12(b)(1) move this Court to dismiss the complaint (the "Complaint") [D.E. 1] filed by plaintiffs Orange Lake Country Club, Inc. and Wilson Resort Finance, LLC (collectively, the "Plaintiffs") for lack of subject matter jurisdiction, and in support thereof states as follows:

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a complaint for lack of subject matter jurisdiction.

A federal district court must have at least one of three types of subject matter jurisdiction to hear an action: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction

1

pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). *Baltin v. Alaron Trading Corp.*, 128 F. 3d 1466, 1469 (11th Cir. 1997). The district court should assess whether subject matter jurisdiction exists at the earliest possible stage in the proceedings. *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F. 3d 405, 410 (11th Cir. 1999). If the court finds that it does not have subject matter jurisdiction over the action, it is "powerless to continue" and must dismiss the complaint. *Id.*

Plaintiffs allege that this Court has jurisdiction over the dispute based on complete diversity of citizenship between Plaintiffs and all Defendants, and that the amount in controversy exceeds $75,000. (D.E. 1, ¶ 44). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. 28 U.S.C. § 1332(a)(1). To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant. *See Strawbridge v. Curtiss*, 7 U .S. (3 Cranch) 267 (1806).

According to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business...." Furthermore, the citizenship of a partnership, limited liability company, or an unincorporated legal entity is determined by the citizenship of each member of the entity, not by the state where the entity was organized. *Americold Realty Trust v. ConAgra Foods, Inc.*, 136 S. Ct. 1012 (2016).

Plaintiffs' failure to allege sufficient facts concerning the citizenship of plaintiff Wilson Resort Finance, LLC (D.E. 1, ¶ 2) renders its attempted invocation of diversity jurisdiction improper. Plaintiffs also allege that defendant Castle Law is a Tennessee professional

corporation with its principal place of business in Tennessee (D.E. 1, ¶ 3), defendant Castle Marketing Group, LLC is a Tennessee limited liability company with its principal place of business in Tennessee (D.E. 1, ¶ 5), defendant Castle Venture Group, LLC is a Tennessee limited liability company with its principal place of business in Tennessee (D.E. 1, ¶ 6), and defendant Resort Relief, LLC is a Texas limited liability company with its principal place of business in Texas (D.E. 1, ¶ 9), but fail to allege what individuals or entities comprise the membership of each of the aforementioned entities so as to establish their citizenship.

A plaintiff must allege the citizenship of *all* members of a limited partnership, limited liability company, and any other unincorporated association for purposes of establishing diversity jurisdiction. *Americold.*, 136 S. Ct. at 1015, *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-196 (1990). "If a partner or member of an unincorporated association is itself an unincorporated association, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" *Orchid Quay, LLC v. Suncor Bristol Bay, LLC*, 178 F. Supp. 3d 1300, 1304 (S.D. Fla. 2016) (internal citation omitted).

Plaintiffs' Complaint fails to properly allege the citizenship of plaintiff Wilson Resort Finance, LLC and multiple defendants for purposes of establishing diversity jurisdiction, and it is Plaintiffs' burden to do so. Because the Complaint fails to allege sufficient facts from which this Court may infer diversity jurisdiction, the Complaint should be dismissed. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that Comcast failed to carry its burden of establishing diversity of citizenship when it failed to establish the citizenships of the unincorporated business entities by listing the citizenships of all the members of the limited liability company and all the partners of the limited partnerships in its notice of removal); *3376 Lake Shore, LLC v. Lamb's Yacht Center, Inc.*, M.D. Florida Case No.

3:14-cv-632-J-34PDB, June 5, 2014 (applying *Rolling Greens* standard to foreclosure complaint which alleged that the court had diversity jurisdiction, but did not list the citizenship of each of the LLC's members).

Dated: July 21, 2017.

> Respectfully submitted,
>
> /s/ *Donald A. Mihokovich*
> Donald A. Mihokovich, Esq.
> Florida Bar Number: 0858447
> Primary: donald.mihokovich@arlaw.com
> Secondary: Teresa.Soluri@arlaw.com
>
> Rebecca M. Harris, Esq.
> Florida Bar Number: 104963
> Primary: Rebecca.Harris@arlaw.com
> Secondary: Cindy.Miller-Tillett@arlaw.com
>
> ADAMS AND REESE LLP
> 101 E. Kennedy Blvd., Suite 4000
> Tampa, Florida 33602
> (813) 402-2880 (Telephone)
> (813) 402-2887 (Facsimile)
> ***Attorneys for Defendants Castle Law Group, P.C. and Judson Phillips***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of July, 2017, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

> /s/ *Donald A. Mihokovich*
> Donald A. Mihokovich, Esq.