# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ORANGE LAKE COUNTRY CLUB, INC.
and WILSON RESORT FINANCE,
L.L.C.,**

       **Plaintiffs,**

**v.**                                                                **Case No:   6:17-cv-1044-Orl-31DCI**

**CASTLE LAW GROUP, P.C., JUDSON
PHILLIPS ESQ, CASTLE MARKETING
GROUP, LLC, CASTLE VENTURE
GROUP, LLC, RESORT RELIEF, LLC,
WILLIAM MICHAEL KEEVER, KEVIN
HANSON and SEAN AUSTIN,**

       **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Dismiss (Doc. 61) filed by Defendants Castle Law Group, P.C. (henceforth, "Castle Law") and Judson Phillips ("Phillips") and the response in opposition (Doc. 69) filed by the Plaintiffs, Orange Lake Country Club, Inc. ("Orange Lake") and Wilson Resort Finance, L.L.C. ( "Wilson Finance").

### I. Background

According to the allegations of the Second Amended Complaint (Doc. 60), which are accepted in pertinent part as true for purposes of resolving the instant motion, Orange Lake develops, sells and manages timeshare properties, including some in Florida, and Wilson Finance provides mortgage financing for some of the purchasers of those properties.   (Doc. 60 at 5-6). Individuals who buy timeshare interests from Orange Lake (henceforth, "Orange Lake Owners") enter into purchase agreements.   (Doc. 60 at 6).   Under those purchase agreements, in addition to

the original purchase price, Orange Lake Owners are obligated to pay a share of their timeshare development's ongoing maintenance fees, assessments, and other expenses.  (Doc. 60 at 6).

Defendant Castle Venture Group, LLC ("Castle Venture") funds Defendant Castle Marketing Group, LLC ("Castle Marketing").  (Doc. 60 at 8).  Along with Defendant Resort Relief, LLC ("Resort Relief"), Castle Marketing solicits timeshare owners, including the Orange Lake Owners, who wish to get out of their obligations under their purchase agreements.  Such owners are directed to retain Defendant Castle Law.[1]  As one step in the process of getting out of their purchase agreements, Orange Lake Owners who retain Castle Law are encouraged to breach those agreements by refusing to make any more payments to Orange Lake.  (Doc. 60 at 14-15).

The instant case was filed on June 8, 2017.  (Doc. 1).  On September 21, 2017, the Plaintiffs filed their Second Amended Complaint (Doc. 60), which consists of six counts: tortious interference with existing contracts (Count I); tortious interference with advantageous business relationships (Count II); civil conspiracy (Count III); violation of Section 721.121, Florida Statutes (Count IV); violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count V); and temporary and permanent injunctive relief (Count VI).  The statutory claim in Count IV is asserted against Resort Relief, Hansen and Austin.  The remaining counts are asserted against all of the Defendants.

By way of the instant motion, Castle Law and Phillips seek dismissal of the five counts asserted against them.

---

[1] The four individual defendants in this matter are associated with the four business entity (P.C./LLC) defendants.  Defendant Judson Phillips is the sole owner of Castle Law; Defendant Sean Austin is the sole member of Castle Marketing; Defendant William Keever is the sole member of Castle Venture; and Defendant Kevin Hanson is the sole member of Resort Relief. (Doc. 60 at 2-3).

## II.     Legal Standards

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).  The Court must also limit its consideration to the pleadings and any exhibits attached thereto.  Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1302 (11th Cir. 2007).  Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. at 1949 (internal citations and quotations omitted).  "[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis**

**A. Count I – tortious interference with contract**

In the first count, the Plaintiffs allege that the Defendants tortiously interfered with the contracts between the Plaintiffs and the Orange Lake Owners. Under Florida law, the tort of contractual interference occurs when: (1) a contract exists; (2) a third party has knowledge of the contract; (3) the third party intentionally interferes with a party's rights under the contract; (4) there is no justification or privilege for the interference; and (5) there are damages. *Mariscotti v. Merco Group At Akoya, Inc.*, 917 So. 2d 890, 892 (Fla. 3d DCA 2005).

Castle Law and Philips do not challenge the existence of the first, fourth, and fifth elements here. Instead, they seek dismissal of Count I on the grounds that, as agents of the Orange Lake Owners, they were not third parties to the contracts between the Orange Lake Owners and the Plaintiffs and therefore could not be liable for tortious interference. Generally speaking, one cannot tortiously interfere with a contract to which it is a party. *Ethyl Corp. v. Balter*, 386 So.2d 1220, 1224 (Fla. 3d DCA 1980). Consequently, an agent generally cannot be held liable for tortiously interfering with the contract of its principal because the agent is privileged to act in the best interest of the principal. *Sloan v. Sax*, 505 So.2d 526, 528 (Fla. 3d DCA 1987).

Based on the allegations of the Second Amended Complaint, Castle Law and Philips were agents of the Orange Lake Owners. However, an agent's "privilege to interfere" with the contracts of its principal is not absolute. *Id.* at 528. The privilege afforded to an agent who gives

- 4 -

honest advice that it is in his principal's best interest to breach an existing relationship is not available when an agent acts solely with ulterior purposes and the advice is not in the principal's best interest. *Scussel v. Balter*, 386 So. 2d 1227, 1228-29 (Fla. 3d DCA 1980). In this case, the Plaintiffs allege that the recommendations to breach were made "for purely selfish and mercenary reasons so as to earn and retain [a] large pre-paid retainer" rather than to aid the Orange Lake Owners in successfully ending their contracts with the Plaintiffs. (Doc. 60 at 19-20). If the Plaintiffs can show that the Movants acted solely with this ulterior motive, their status as agents of the Orange Lake Owners would not protect them from liability for tortious interference with contract. The motion will be denied as to Count I.

**B.     Count II – tortious interference with advantageous relationships**

In their second count, the Plaintiffs contend that the Defendants interfered with the business relationships between themselves and the Orange Lake Owners, which might have resulted in additional purchases in the future. The Plaintiffs note that Orange Lake Owners with existing contracts "have equity interests which may be used as credits toward the purchase of an upgraded timeshare interest" such as a larger unit or a "more premium" season. (Doc. 60 at 21).

Under Florida law, the elements of tortious interference with a business relationship are: (1) the existence of a business relationship, even if not evinced in a formal written agreement; (2) that the defendant knew of the relationship; (3) the defendant intentionally and unjustifiedly interfered with the relationship; and (4) damage to the plaintiff as a result of the breach of the relationship. *Ethan Allen, Inc. v. Georgetown Manor*, Inc., 647 So.2d 812, 814 (Fla.1994). Castle Law and Phillips seek dismissal of this count on the same basis as Count I – *i.e.*, that as agents they were not third parties to the relationship between the Plaintiffs and the Orange Lake

Owners. That argument fails with regard to Count II for the same reason that it failed in regard to Count I.

However, under Florida law, a mere offer to sell does not give rise to sufficient legal rights to support a claim of intentional interference. *Lake Gateway Motor Inn, Inc. v. Matt's Sunshine Gift Shops, Inc.*, 361 So. 2d 769, 772 (Fla. 4th DCA 1978). An action for intentional interference with a business relationship will lie "if the parties' understanding would have been completed if the defendant had not interfered." *Charles Wallace Co. v. Alternative Copier Concepts, Inc.*, 583 So. 2d 396, 397 (Fla. 2d DCA 1991). In this case, the Plaintiffs have alleged that the Orange Lake Owners had "equity interests" that could have been used to upgrade their timeshares. Taken at face value, this does not even rise to the level of an offer to sell. It appears to be merely a statement that the Orange Lake Owners could have made another purchase from Orange Lake, if they wished. Even if one were to characterize this allegation to mean that Orange Lake had a standing offer to sell upgrades to existing timeshare owners, such an offer is not a "business relationship" as required to support a claim for intentional interference with advantageous business relationships. In addition, the Plaintiffs have alleged that the Orange Lake Owners who retained Castle Lake did so because they could not afford their ongoing obligations under their purchase agreements. (Doc. 60 at 17). This strongly suggests that those owners had no intention of making another purchase from Orange Lake. Count II will therefore be dismissed without prejudice.

### C. Count III – Civil Conspiracy

A civil conspiracy claim requires: (1) an agreement between two or more parties (2) to do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in furtherance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the

conspiracy. *Charles v. Florida Foreclosure Placement Center, LLC*, 988 So. 2d 1157, 1159-60 (Fla. 3d DCA 2008). The Movants argue that all of the substantive counts in the Amended Complaint are due to be dismissed and therefore the second element is not present here. As noted above, the Movants have not prevailed in obtaining dismissal of Count I. Therefore the Movants' argument fails as to Count III.

        **D.**     **Count V – FDUTPA**

The Plaintiffs allege in Count V that the Defendants violated The Florida Deceptive and Unfair Trade Practices Act by (1) soliciting the Orange Lake Owners through ads that deceived them into thinking that they could unilaterally cancel their timeshare interests; (2) by misrepresenting to the Orange Lake Owners that Castle Law could legally represent them in Florida courts; and (3) and by falsely informing clients who were Orange Lake Owners that their timeshare matters had been resolved even though they had not been. (Doc. 60 at 28-29). FDUTPA provides in pertinent part that "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." Fla. Stat. § 501.204(1). A claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages. *Caribbean Cruise Line, Inc. v. Better Business Bureau of Palm Beach County, Inc.*, 169 So. 3d 164, 167 (Fla. 4th DCA 2015).

The Movants argue that Count V fails to state a claim because the Plaintiffs are not consumers who were damaged by these alleged misrepresentations. (Doc. 61 at 5-6). The Plaintiffs respond that the statute's protections are not limited to consumers. (Doc. 69 at 16-18). While true, this misses the point. The misrepresentations set forth in the Second Amended Complaint would have caused harm, if at all, to the consumers that they targeted – the Orange

Lake Owners, who were (allegedly) solicited and retained under false pretenses – rather than the Plaintiffs. The motion will be granted as to Count V.

### E. Count VI – Injunctive Relief

Count VI is solely a claim for "temporary and permanent injunctive relief". (Doc. 60 at 31). Injunctive relief is a remedy, not a cause of action. *See*, *e.g.*, *Klay v. United Healthgroup, Inc.*, 376 F. 3d 1092, 1097-98 (11th Cir. 2004). Count VI will be dismissed.

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 61) filed by Defendants Castle Law Group, P.C. and Judson Phillips is **GRANTED IN PART AND DENIED IN PART**. Count II, Count V, and Count VI are **DISMISSED WITHOUT PREJUDICE** as to the Movants, only. In all other respects, the motion is **DENIED.** Should the Plaintiffs wish to file another amended complaint, they must do so on or before December 27, 2017.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 15, 2017.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party