# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ORANGE LAKE COUNTRY CLUB, INC.
and WILSON RESORT FINANCE,
L.L.C.,**

       **Plaintiffs,**

**v.**                                                                      Case No:   6:17-cv-1044-Orl-31DCI

**CASTLE LAW GROUP, P.C., JUDSON
PHILLIPS ESQ, CASTLE MARKETING
GROUP, LLC, CASTLE VENTURE
GROUP, LLC, RESORT RELIEF, LLC,
WILLIAM MICHAEL KEEVER, KEVIN
HANSON and SEAN AUSTIN,**

       **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Objection (Doc. 129) filed by Defendants Resort Relief, LLC (henceforth, "Resort Relief") and Kevin Hanson ("Hanson") to the Order (Doc. 118) of the Magistrate Judge granting in part a motion to compel (Doc. 107). Pursuant to Rule 72 of the Federal Rules of Civil Procedure, within ten days after receiving a nondispositive order issued by a magistrate judge, a party may file objections to the order, and the district court must consider the objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed.R.Civ.P. 72(a).

After a hearing on the motion, Magistrate Judge Irick granted the motion to compel insofar as it sought to require Resort Relief and Hanson to respond to requests for production 18, 19, and 32. (Doc. 118 at 3). Resort Relief and Hanson now object only to that portion of the Order requiring them to respond to request for production 18. (Doc. 129 at 2). In request for

production 18, the Plaintiffs sought all documents "relating to the ownership, corporate formation, and current or former corporate status of Resort Relief, LLC." (Doc. 129 at 2). Both Defendants objected to production of some of the responsive documents in their possession – primarily federal tax returns and IRS forms – on the grounds of "privilege … based on the rights to privacy" of the producing party. (Doc. 129 at 2). Judge Irick ordered the Defendants to produce the documents, permitting them to make redactions as to Hanson's Social Security number and date of birth. (Doc. 118 at 3).

Resort Relief and Hanson argue that Judge Irick's order was clearly erroneous and contrary to law based on Article I, Section 23 of the Florida Constitution, which provides that "[e]very natural person has the right to be let alone and free from governmental intrusion into the person's private life except as provided herein." (Doc. 129 at 3). They also argue that the requested documents are not relevant, because the Plaintiffs argued that the documents might be necessary to help them pierce the corporate veil, and the operative pleading does not contain allegations that would permit veil-piercing. (Doc. 129 at 4).

However, the Defendants, who are residents of Texas, have not cited to any cases holding that the Florida Constitution's right to privacy applies to residents of other states. In addition, that right by its terms only applies to natural persons, which Resort Relief is not. And it would not apply in a discovery dispute in federal court. *See, e.g., U.S. v. Arthur Young & Co.,* 465 U.S. 805, 816 (1984) (noting that no state-created evidentiary privilege has ever been recognized in federal court). As for relevancy, Judge Irick properly found at the hearing that the Defendants waived any relevancy objection they might have had by failing to raise it in their response to the request for production.

Accordingly, it is hereby

**ORDERED** that the Objection (Doc. 129) filed by Defendants Resort Relief, LLC and Kevin Hanson is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 7, 2018.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party