UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ORANGE LAKE COUNTRY CLUB,
INC. and WILSON RESORT FINANCE,
L.L.C.,

                    Plaintiffs,

v.                                                            Case No:  6:17-cv-1044-Orl-31DCI

CASTLE LAW GROUP, P.C., JUDSON
PHILLIPS ESQ, CASTLE
MARKETING GROUP, LLC, CASTLE
VENTURE GROUP, LLC, RESORT
RELIEF, LLC and WILLIAM
MICHAEL KEEVER,

                    Defendants.

_____

REPORT AND RECOMMENDATION

       This cause comes before the Court for consideration without oral argument on the
following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiffs' Motion for Entry of Permanent Injunction Against Resort Relief, LLC (Doc. 279)** |
| **FILED:** | **October 3, 2019** |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**. | |

I.       **Background**

       On June 8, 2017, Plaintiffs filed a complaint against Defendants alleging numerous causes
of action stemming from what Plaintiffs describe as a campaign of false advertising meant to
induce timeshare owners into breaching their timeshare agreements with Plaintiffs.  *See* Doc. 1.
Since that time, Plaintiffs have filed several amended complaints, culminating in the Fourth

Amended Complaint that Plaintiffs filed on July 11, 2018.  Doc. 223 (the Complaint).  In the Complaint, Plaintiffs alleged five causes of action: (1) Tortious Interference with Existing Contracts; (2) Civil Conspiracy; (3) Violation of Florida's Deceptive and Unfair Trade Practices Act (FDUTPA); (4) False Advertising and Unfair Competition Under the Lanham Act; and (5) Contributory False Advertising and Unfair Competition Under the Lanham Act.  Doc. 223.  Castle Marketing Group, LLC (Castle Marketing) is a named Defendant in Counts 1, 2, 3, and 5.  Resort Relief, LLC (Resort Relief) is a named Defendant in Counts 1 through 4.

On April 23, 2019, Plaintiffs filed a motion for default final judgment against Castle Marketing and Resort Relief.  Doc. 269 (the Motion for Default Judgment).  On September 5, 2019, the Court entered an Order granting the Motion for Default Judgment in part and entered default final judgment as to liability in favor of Plaintiffs and against Resort Relief on Counts 1-4 of the Complaint.  Doc. 276 (the Order).  The Court granted Plaintiffs thirty days in which to file a motion for permanent injunction and to quantify damages.  *Id.*  On October 3, 2019, Plaintiffs timely filed the Motion for Entry of Permanent Injunction Against Resort Relief, LLC, that is now before the Court.  Doc. 279 (the Motion).

## II.    Discussion

In the Motion, Plaintiffs explain that the Complaint seeks permanent injunctive relief pursuant to Plaintiffs' claims for violations of FDUTPA, the Lanham Act, as well as other state law claims.  Doc. 279 at 5.  Plaintiffs state that here, they limit the basis of their request for a permanent injunction solely to their FDUTPA claim.  *Id.*   The undersigned notes that Plaintiffs have not sought damages and, thus, have waived any right they may have had to damages against Resort Relief in this case.

Under FDUTPA, there is no requirement that a plaintiff show an ongoing practice or irreparable harm to obtain injunctive relief.  *See* Fla. Stat. § 501.211(1). The statute clearly provides that "anyone aggrieved by a violation of [FDUTPA] may bring an action . . . to enjoin a person who has violated, is violating, or is otherwise likely to violate [the] [statute]." Fla. Stat. § 501.211(1) (emphasis added); *see Synergy Billing, LLC v. Priority Mgmt. Grp., Inc.*, No. 6:17-CV-00929-ORL-31-DCI, 2017 WL 4922203, *9 (M.D. Fla. Oct. 31, 2017) (Presnell, J.).  The undersigned has already found that Plaintiffs' well-pled allegations establish a violation of FDUTPA.  *See* Doc. 275 (Report recommending the Court enter final default judgment against Resort Relief as to Counts 1-4 of the Complaint, including Count 3, Violation of FDUTPA); *see also* Doc. 276 (Order adopting the Report and Recommendation); *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir.1975) (stating that a defendant is considered to have admitted a plaintiff's well-pled facts by virtue of default).  Accordingly, the undersigned finds Plaintiffs are entitled by statute to seek an injunction.

In the Motion and the proposed order attached thereto, Plaintiffs ask the Court for specific injunctive relief based on their FDUPTA claim.  *See* Docs. 279 at 5-9; 279-2 at 2.  Plaintiffs ask the Court to enjoin Resort Relief from the following:

   a. Disseminating false and misleading advertising to Orange Lake Owners regarding any product, service, plan, or program represented, expressly or by implication, to rescind or terminate a timeshare owner's timeshare interest, promissory note, mortgage, mortgage payments, maintenance fees, and any related contracts to individuals having timeshare interests or contracts with any of the Plaintiffs;

   b. interfering or assisting others in their interference with Plaintiffs' contractual relationships; or

   c. engaging in false advertising and/or deceptive, misleading, and unfair trade practices relating to Plaintiffs.

*See* Doc. 279-2 at 2.  Plaintiffs also ask that Resort Relief, in sum, be ordered to take down and destroy any false material relating to Plaintiffs, be ordered to report its compliance with the foregoing and file such a report with the Court and serve it upon Plaintiffs, and be ordered to post a copy of the injunction on its websites.  *Id.* at ¶¶ 4-6.  However, such relief is not consistent with the relief Plaintiffs request in the Complaint.  *Compare* Doc. 223 at 40-41 *with* Doc. 279-2.

Rather, in the Complaint, Plaintiffs make only a general request for injunctive relief pursuant to their FDUTPA claim and do not suggest any specific provisions.  *See* Doc. 223 at 35-41.  Because the Complaint does not specifically delineate injunctive provisions, the undersigned finds the broad prohibitions set forth in the Motion and the proposed order attached thereto inappropriate.  The undersigned cannot recommend granting relief on default that was not requested in the Complaint.  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").  However, Plaintiffs did request injunctive relief in the Complaint.  Based that request, the undersigned respectfully recommends Resort Relief be enjoined pursuant to a limited version of Plaintiffs' subsection (a) in the proposed order.  *See* Doc. 279-2.  But, as written, subsection (a) is unclear.  Thus, the undersigned recommends that the following text be struck from subsection (a): "to individuals having timeshare interests or contracts with any of the Plaintiffs and any relief granted by the Court," and that an injunction be entered against Resort Relief according to the remainder of subsection (a).  In addition, the undersigned finds that the proposed injunction is overbroad to the extent it could be read to enjoin the independent actions of non-parties to this case.  The Court should not enjoin the independent actions of non-parties based upon the agreement of the parties here.  So, to clarify this limitation within the preliminary injunction, the Court should limit the injunctions applicability to Resort Relief and any of its agents (including independent contractors and local counsel) to the

extent those persons are acting as agents or otherwise at the direction of Castle Marketing.  *See Westgate Resorts et al. v. Sussman et al.*, 6:17-cv-1467-Orl-37DCI at Doc. 198 (M.D. Fla. Feb. 19, 2019) (adopting a Report recommending a similar limitation to an injunction in a similar case).

**III.    Conclusion**

Accordingly, it is **RECOMMENDED** that:

1.  The Motion (Doc. 279) be **GRANTED in part** as follows:

    a.   The Court enter default final judgment in favor of Plaintiffs and against Resort Relief on Counts 1-4 of the Fourth Amended Complaint (Doc. 223);

2.  The Court enter an order enjoining Resort Relief, and any of its agents (including independent contractors and local counsel) to the extent those persons are acting as agents or otherwise at the direction of Resort Relief, from disseminating false and misleading advertising to Orange Lake Owners[1] regarding any product, service, plan, or program represented, expressly or by implication, to rescind or terminate a timeshare owner's timeshare interest, promissory note, mortgage, mortgage payments, maintenance fees.

3.  The Motion (Doc. 279) otherwise be **DENIED.**

4.  The Clerk be directed to close the case.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[1] The Complaint defines "Orange Lake Owners" as "owners of timeshare interests with Orange Lake."  Doc. 223 at 4.

legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R.

3-1.

   Recommended in Orlando, Florida on December 13, 2019.

               _____
               DANIEL C. IRICK
               UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy